This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO**,

Plaintiff-Appellee,

v.                                                          **No. 34,849**

**ANTHONY CHAVEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Stephen K. Quinn, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**Hanisee, Judge.**

{1} Defendant Anthony Chavez (Defendant) appeals following his jury trial convictions for trafficking a controlled substance and tampering with evidence. [RP 186, DS 2] Defendant raises two issues on appeal: (1) whether his conviction for trafficking is supported by sufficient evidence; and (2) whether the drugs were improperly admitted into evidence, because part of the chain of custody was not established. [DS 7] This Court issued a notice proposing to affirm Defendant's convictions. Defendant filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

**Sufficient Evidence for Trafficking**

{2} Defendant continues to argue his conviction for trafficking was not supported by sufficient evidence, because the testimony about Defendant's intent to traffic was unreliable. [MIO 4] As we pointed out in our notice proposing to affirm, "[t]his court does not weigh the evidence and may not substitute its judgment for that of the fact finder so long as there is sufficient evidence to support the verdict." *State v. Griffin*, 1993-NMSC-071, ¶ 17, 116 N.M. 689, 866 P.2d 1156 (internal quotation marks and citation omitted). [CN 4] Defendant has not pointed out any error in fact or law with this Court's notice of proposed disposition and instead continues to argue issues of weight of the evidence. Therefore, viewing the evidence in the light most favorable

to the verdict and resolving all conflicts and indulging all reasonable inferences in favor of the verdict, we conclude the evidence was sufficient to support a conviction for trafficking of a controlled substance. *See State v. Apodaca*, 1994-NMSC-121, ¶ 3, 118 N.M. 762, 887 P.2d 756 (stating, on appeal, the appellate court views the evidence in the light most favorable to the verdict, resolving all conflicts and indulging all reasonable inferences in favor of the verdict).

**Chain of Custody**

{3}     Defendant next continues to argue the drug evidence was improperly admitted, because the State failed to establish a continuous chain of custody. [MIO 6-7] Specifically, Defendant argues the difference in the weight of the drugs at the time they were seized and their weight at the time of trial indicates a breach in the chain of custody. [MIO 6-7] Defendant's argument is unavailing. As we stated in our notice of proposed disposition, the State is generally not required to prove the chain of custody in such detail that all possibility of tampering is excluded, and if there are questions regarding a possible gap in the chain of custody, those questions go to the weight of the evidence and not to its admissibility. *See State v. Peters*, 1997-NMCA-084, ¶ 26, 123 N.M. 667, 944 P.2d 896 ("The State is not required to establish the chain of custody in sufficient detail to exclude all possibility of tampering. Questions

3

concerning a possible gap in the chain of custody affects the weight of the evidence, not its admissibility." (citation omitted)). [CN 6-7] Therefore, we conclude the drug evidence was not improperly admitted, and any gap in the chain of custody was an issue of the weight to be given the drug evidence.

{4}     Accordingly, for the reasons stated above and in our notice of proposed disposition, we affirm.

{5}     **IT IS SO ORDERED.**


_____
**J. MILES HANISEE, Judge**


**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**M. MONICA ZAMORA, Judge**

4